*In re* NEW YORK & SUBURBAN INV. CO.

(*Supreme Court, Special Term, Rensselaer County.*　October, 1891.)

REINCORPORATION—FRANCHISE TAX.

Where a corporation organized under Manuf'g Act N. Y. 1848 is reorganized under the provision of Laws N. Y. 1890, c. 567, § 5, declaring that "any corporation heretofore organized," etc., may "reincorporate under this chapter," etc., on the vote of a majority of the stock, and the filing of a certificate, which, among other things, must contain the statements required in the certificate of a corporation originally formed under the act of 1890, and further declaring that from the time of filing the new certificate "such corporation shall be deemed to be a corporation organized under this chapter," the reorganized corporation becomes a new corporation, and as such subject to the franchise tax imposed by Laws N. Y. 1886, c. 143.

Application of the New York & Suburban Investment Company for *mandamus* to the secretary of state to receive and file its certificate of reorganization without the payment of a franchise tax.　Writ denied.

*F. H. Van Vechten*, for petitioner.　*I. H. Maynard*, Dep. Atty. Gen., for the secretary.

FURSMAN, J.　The petitioner is a domestic corporation originally organized under the manufacturing act of 1848, and the acts amendatory thereof. Chapter 267 of 1884.　At the time of its organization, in April, 1890, it paid its franchise tax on its then capital of $100,000, pursuant to the requirements of chapter 143 of the Laws of 1886.　In April, 1891, its capital was increased to $500,000, and the tax duly paid on the increase.　Afterwards, and in June, 1891, the company was reorganized under and in pursuance of chapter 567 of the Laws of 1890.　The certificate of such reorganization was thereupon presented to the secretary of state, who declined to receive it until a franchise tax as on the formation of a new corporation should be paid.　The petitioner now asks for a peremptory *mandamus* to compel the secretary of state to receive and file the same without the payment of such tax.　Previous to the act of 1890 there were a large number of laws relating to the organization of corporations, most of which, including sections 1 and 2 of chapter 40 of the Laws of 1848, are by that act repealed, the design being that corporations coming into existence subsequent to May 1, 1891, should be formed under it. The act of 1890 makes material changes in the law as theretofore existing, requiring new methods of formation, granting new powers and privileges, and removing certain restrictions and limitations.　By the act of 1848, any three persons could organize themselves into a corporation; by that of 1890, five is the smallest number that can do so.　By the former act, the certificate of incorporation was required to state "the objects for which the company shall be formed;" by the latter, this statement is required to include the "locality of its business as well as its nature."　By the former act, it was sufficient to state the "amount of the capital stock" of the company; by the latter, a "description" of the capital stock is also required.　The former act contained no limitation upon the par value of the shares of capital stock; the latter fixes the minimum limit at five and the maximum at one hundred dollars.　Under the former, any stockholder might be a trustee or director; under the latter, only such stockholders as have at least five shares of the capital stock can hold the office.　By the act of 1890, the post-office address of each of the directors for the first year must be stated, as well as the names of the directors, as required by that of 1848; and finally, in addition to the requirements of the act of 1848, the certificate is required by that of 1890 to state the names and post-office address of the subscribers to the stock, with a statement of the number of shares agreed to be taken by each, and the corporation cannot commence business until certain specified by-laws are adopted by the holders of at least one-half of the capital stock of the corporation, and a copy thereof filed in the offices where the original certificate of incorpora-

tion is filed. The requirements of the certificate prescribed in the act of 1848 are retained in all the amendments thereof. It will be observed that the process of forming a corporation is materially different under the act of 1890 from that under the act of 1848. Section 5 of the act of 1890 authorizes existing corporations to "reincorporate" under the act by complying with the conditions therein specified. There must be a meeting of stockholders called by the directors by means of a published notice signed by a majority of such stockholders, which must also be served on each stockholder. There must be a meeting of the stockholders pursuant to such notice, organized by choosing one of the directors as chairman and a suitable secretary. There must be a concurrence of votes representing a majority of all the stock in favor of "the proposition to reincorporate under this chapter;" and thereupon "the officers of the meeting" must execute, acknowledge, and file a certificate of the proceedings, which must also contain the statements required to be set forth in the certificate to be made and filed by a corporation originally formed under the act.

This is not a corporate act. A corporation acts only by its duly constituted officers and agents. This is the act of the stockholders individually. It rests with them, and not with the corporation, as such, to determine whether they will reincorporate under the act of 1890. This section twice employs the word "reincorporate." It provides that "any corporation heretofore organized, except," etc., may "reincorporate under this chapter," etc., and that there shall be a vote of the stockholders taken "upon the proposition to reincorporate under this chapter," etc.; that is, to incorporate again or anew, to make a new corporation out of the old one, retaining, by a further clause, all the rights and franchises of the old, and invested with such additional powers and privileges as are conferred by this statute. By the same section it is declared that from the time of the filing of the new certificate "such corporation shall be deemed to be a corporation organized under this chapter." The word "reorganization" in the concluding sentence of the section is evidently employed synonymously with "reincorporation." The employment of this language, taken together with the requirement of a certificate so essentially different than that required by the act of 1848, the change in the number of persons necessary to the formation of a new corporation or reincorporation of an existing one, the various things required to be done, in addition to those required by that act, before the company is to be deemed to be a corporation under the act of 1890, and authorized to engage in business, and the additional powers and privileges acquired by an incorporation under it, indicate a legislative design that all organizations created under it should be regarded as new corporations, and subject to the provisions of existing laws applicable thereto. In the present case the petitioner has complied with all of the requirements of the act of 1890. The original certificate states the objects for which the company is formed to be: "Purchasing, taking, holding, possessing, selling, improving, and leasing real estate and buildings; manufacture, purchase, lease, sale, use of building stone, lumber, and other building materials." The new certificate states that the objects for which the company is reincorporated are "purchasing, taking, holding, and possessing real estate and buildings, and selling, mortgaging, leasing, and improving the same, and the doing of all lawful act or acts, thing or things, in any wise appurtenant, incidental, or belonging thereto."

Judged by the certificates, the objects of the original incorporation and of the reincorporation are in some respects essentially different. The original corporation had no power to mortgage its real estate, except that given by chapter 517 of the Laws of 1864, as amended by chapter 481 of the Laws of 1871, by which the prior procurement and filing of the written consent of stockholders owning at least two-thirds of the capital stock to the execution of the mortgage were made necessary. Under the present certificate, such con-

sent is not necessary. Mortgaging its real estate is now one of the objects for which the corporation is formed. The written consent of stockholders owning two-thirds of its stock cannot be necessary to enable a corporation specifically organized to mortgage as well as purchase and hold real estate to execute a valid mortgage upon it. In the new certificate, "manufacture, purchase, lease, sale, use of building stone, lumber, and other building materials," stated in the original certificate to be among the objects of the organization, are omitted. It is true that among the objects stated in the new certificate is the "doing of all lawful act or acts, thing or things, in any wise appurtenant, incidental, or belonging" to the business of "purchasing, taking, holding, and possessing real estate and buildings, and selling, mortgaging, leasing, and improving the same;" but it is difficult to see how the manufacture, and especially the sale, of building stone, lumber, and other building materials, are in any wise incidental to the objects thus specifically named.

Again, by the new incorporation the corporate existence of the company is extended without complying with the requirements of existing law in that respect. The original certificate gave the company 50 years of life from the date of its incorporation, on April 3, 1890. To extend this period the written consent of stockholders owning two-thirds of its capital stock must be obtained and filed. Laws 1890, c. 563, § 22. By the reincorporation, this necessity is obviated, and by the mere force of the new certificate the period of existence is extended to 50 years from June 18, 1891. The requirement as to the number of directors or trustees is different in the law of 1890 from that of 1848, and the company has been reincorporated with five directors, as now required, instead of three, as formerly. A company incorporated or reincorporated under the act of 1890 cannot legally exist with less than five directors, while a company incorporated under the act of 1848 may continue with only three. It is true that a company thus continuing may increase at any annual meeting the number of trustees from three to five, or any number up to thirteen; but it cannot exist under the new law with less than five, as it might have continued to do if it had not reincorporated under it. The field of its operations is greatly enlarged by the new incorporation. Under the old organization, its operations were confined to the counties of New York, Suffolk, Queens, and Kings, while under the new there is practically no limitation. In this connection it may be added that a corporation organized under the act of 1848 and its amendments, for the purpose of "taking, purchasing, building, or possessing real estate and buildings, and selling, leasing, and improving the same," is not permitted to purchase and hold real estate in excess of $1,000,000 in value, (Laws 1888, c. 313,) while the right to purchase and hold real estate by a corporation organized under the act of 1890 seems to be without limitation, inasmuch as the act containing the limitation is repealed by the law of 1890, in which no restriction upon this power is expressed. For these reasons I conclude that, when a corporation organized under the act of 1848 reincorporates under that of 1890, it becomes thereby a new corporation, and subject to the franchise tax imposed by the law of 1886. It can make no difference that the individuals forming the new corporation are already organized as a body corporate under another act. It is as individuals, and not as a corporation, that they act in making and filing the new certificate, thereby forming themselves into a new corporation. By their reorganization under the new law they become a new corporation, formed by a new process, having all the rights and powers of the old corporation, but having also new rights and powers, the result of the new incorporation. Upon filing the new certificate, the old corporation is at an end. A new one has taken its place. "From the time of such filing such corporation shall be deemed to be a corporation organized under the act of 1890," and, although

the existing liabilities of the old corporation are not in any way affected by the reorganization, it has no longer any corporate existence. The motion for a peremptory *mandamus* is denied.